**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.F. and I.F.**

**No. 25-19** (Ohio County CC-35-2023-JA-141 and CC-35-2023-JA-142)

**MEMORANDUM DECISION**

Petitioner Father M.F.[1] appeals the Circuit Court of Ohio County's December 9, 2024, order terminating his parental rights to C.F. and I.F., arguing that the circuit court erred in failing to impose a less restrictive dispositional alternative.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In 2021, the DHS filed an abuse and neglect petition alleging domestic violence between the petitioner and the mother, that both parents were abusing substances, and that the mother suffered from untreated mental health issues. Both parents successfully completed post-adjudicatory improvement periods, regaining custody of C.F. and I.F. in January 2023. Less than a year later, in November 2023, the DHS filed another abuse and neglect petition alleging that the parents again exposed the children to domestic violence as the children disclosed multiple new incidents of violence between the couple. Accordingly, the DHS asserted that the petitioner failed to protect the children from domestic violence. Further, because of the turmoil within the household, the petition alleged that both children manifested severe dysfunctional behaviors and repeatedly fell asleep in school.

At the adjudicatory hearing in April 2024, the petitioner stipulated to failing to protect the children and remaining in a relationship with the mother despite their long history of domestic violence. The circuit court accepted the stipulation and adjudicated the petitioner of abusing and/or neglecting both children. The petitioner then filed a written motion for a post-adjudicatory improvement period. The circuit court held a hearing on the matter, at which the DHS presented evidence that in the prior case, the petitioner had successfully completed a post-adjudicatory improvement period. However, the evidence also showed that despite these services, the petitioner continued to engage in and expose the children to domestic violence by remaining in a relationship

---

[1] The petitioner appears by counsel Marc D. Saurbier. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel Tejinder Singh appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

with the mother, even though he had multiple opportunities to separate from her. Therefore, the circuit court denied the petitioner a post-adjudicatory improvement period.

At the dispositional hearing in November 2024, the DHS presented evidence reiterating how, despite receiving the benefits of a post-adjudicatory improvement period in the prior case, the same issues of domestic violence between the petitioner and the children's mother resurfaced. The petitioner testified that he and the mother talked about obtaining a divorce, however no legal paperwork had been filed. The petitioner also confirmed that he still resided with the mother, but argued that this was for financial reasons only, although he acknowledged that there were resources he could utilize to separate from the mother. Additionally, the petitioner stated that he was participating in marital counseling, drug screening, and parenting classes which he sought out on his own accord, but failed to engage in services to specifically address domestic violence. As such, the circuit court stated that it was "not persuaded by the [petitioner's] new allegations that they are separating or divorcing; that they are trying to address their issues and start services; that they are only still living together due to financial issues; and that their marital strife is the cause of the discord." Furthermore, the circuit court expressed that it did "not believe the [petitioner] will make any meaningful change; rather, like the first case, [the petitioner] will simply go through the motions and do everything [t]hat is required of [him], without making any actual or meaningful changes or improvements." As such, the circuit court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect as he demonstrated an inadequate capacity to solve the problems of abuse or neglect on his own or with help. The court further found that the children "have suffered grievous psychological injuries with physical manifestations as a result of the turmoil in the household between the parents, and this interfered with the children's sleep, schooling, and mental and physical health." Therefore, the circuit court found that termination of the petitioner's parental rights was necessary for the children's welfare. Accordingly, the circuit court terminated the petitioner's parental rights to both children.[3] The petitioner then orally moved for a post-dispositional improvement period, which the circuit court denied. The petitioner now appeals from the circuit court's dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). To begin, the petitioner argues that the circuit court erred in terminating his parental rights rather than allowing him time to obtain a divorce and finalize his separation from the mother under a less restrictive disposition. We disagree. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts are permitted to terminate parental rights without the use of a less restrictive alternative "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))). Here, despite being afforded the benefits of services to help remedy the

---

[3] The mother's parental rights have been terminated. The permanency plan for both children is adoption by their current placement.

2

issues of domestic violence, less than a year after the dismissal of the prior case, these same issues resurfaced. Given the repeated recurrence of domestic violence, the circuit court found that the petitioner was incapable of meaningful change. Additionally, the circuit court remained unpersuaded by the petitioner's testimony that he was only living with the mother for financial reasons, that the two were trying to address their issues of domestic violence, and that the couple intended to obtain a divorce or separate. We decline to disturb such credibility findings on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Furthermore, the circuit court found that the ongoing tumultuous relationship between the petitioner and the mother was detrimentally affecting the children's well-being and that he was unwilling to make any meaningful change to end the same patterns of domestic abuse, making termination of the petitioner's parental rights necessary. As such, there was ample evidence for the circuit court to find that there was no reasonable likelihood that the petitioner could substantially change the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the children's welfare. Therefore, we conclude that the circuit court did not err in terminating the petitioner's parental rights without the use of a less restrictive alternative.[4]

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 9, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 25, 2025

---

[4] The petitioner further argues that the circuit court erred in denying him a post-dispositional improvement period. Under West Virginia Code § 49-4-610(3)(A), a circuit court may grant a post-dispositional improvement period when a parent moves for one in *writing*. *See also* Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730, 2021 WL 5355634 (2021) ("A circuit court may not grant a[n] . . . improvement period under W. Va. Code § 49-4-610 . . . unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period."). Here, the record clearly reflects that the petitioner made only an oral motion and failed to file a written motion for a post-dispositional improvement period as required by statute. Because the petitioner failed to comply with the statute, he is entitled to no relief. Further, we recognize that the petitioner submitted a written motion for a post-adjudicatory improvement period, which the circuit court denied. However, it is clear from his appellate briefing that the petitioner assigns error only to the denial of his oral motion for a post-dispositional improvement period. In denying the petitioner's motion for a post-dispositional improvement period, the circuit court did not announce that it was refusing to consider the motion because the petitioner had made it orally, as opposed to in writing. The circuit court simply announced that it was denying the motion. To the extent that the circuit court's denial of the motion was upon the merits, we find that the record contains a sufficient evidentiary basis upon which to deny the motion, the same evidence underpinning the circuit court's finding that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect.

3

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison